**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MENOS FLORESTAL,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-70974

Agency No. A206-271-937

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Menos Florestal, a native and citizen of Haiti, petitions for review of the
Board of Immigration Appeals' ("BIA") order dismissing his appeal from an
immigration judge's ("IJ") decision denying his application for asylum,
withholding of removal, and relief under the Convention Against Torture ("CAT").
We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

In his opening brief, Florestal does not contend that the BIA erred in its determination that he waived any challenge to the IJ's finding that asylum was time barred, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived), and we do not consider Florestal's contentions as to the merits of his asylum claim, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA). Thus, Florestal's asylum claim fails.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Florestal's testimony, declaration, and documentary evidence. *See Shrestha,* 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Florestal's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Florestal fails to challenge the agency's finding that the documentary evidence did not independently establish his eligibility for withholding of removal. *See Lopez-Vasquez*, 706 F.3d at 1079-80. Thus, Florestal's withholding of removal claim fails.

Finally, Florestal does not contend that the BIA erred in its determination

19-70974

that he waived any challenge to the IJ's denial of CAT relief. *See id.* Thus, we deny the petition for review as to CAT.

**PETITION FOR REVIEW DENIED.**